# STATE OF MICHIGAN

# COURT OF APPEALS

---

ESTATE OF PATRICIA BACON, by CALVIN
BACON, Personal Representative,

        Plaintiff-Appellee,

v

DEPARTMENT OF HEALTH AND HUMAN
SERVICES,

        Defendant-Appellant.

UNPUBLISHED
June 1, 2017

No. 330260
Macomb Circuit Court
LC No. 2015-001926-CZ

---

Before: M. J. KELLY, P.J., and BECKERING and SHAPIRO, JJ.

SHAPIRO, J. (*concurring in result only*).

I concur in the result reached by the majority only because I am bound by this Court's decision in *Ketchum Estate v Dep't of Health & Human Servs*, 314 Mich App 485; 887 NW2d 226 (2016). In my view, that case was wrongly decided, and I believe the Court should convene a conflict panel pursuant to MCR 7.215(J)(2).

The issue in this case is purely one of statutory application, and the statute is clear and unambiguous on its face. It provides that the "definition of hardship" employed by the DHHS:

> [S]hall . . . include[], but is not limited to the following:
>
> (*i*) An exemption for the portion of the value of the medical assistance recipient's homestead that is equal to or less than 50% of the average price of a home in the county in which the Medicaid recipient's homestead is located as of the date of the medical assistance recipient's death. [MCL 400.112g(e).]

Given the unambiguous language of the statute, I see no basis to conclude that the statute gives the DHHS the discretion to refuse exemptions to the estates of Medicaid recipients whose homestead was equal to or less than 50% of the average home price for the county. *Ketchum* interpreted the phrase "includes but is not limited to" so as to permit the DHHS to define tests that deny the exemption to those estates that meet the statutory standard. *Ketchum* reached the conclusion it did by inserting the word "requirements" into the statute. After listing the exemptions as set forth in the statute, *Ketchum* states:

[I]n that same subsection, the Legislature also provided express language ("including, but is not limited to") granting the DHHS discretion to include other *requirements* for the hardship exemption.  [*Ketchum*, 314 Mich App at 502 (emphasis altered).]

The statute does not say that the DHHS has authority to define additional *requirements* so as to narrow the availability of the statutorily mandated exemption so that those who meet the statute's requirement are nevertheless not eligible.  Rather, the "includes but is not limited to" language provides that that the DHHS may define exemptions *in addition* to those listed in the statute.  The statute authorizes the DHHS to define and adopt other exemptions to the recovery program (so long as they obtain federal approval).  In addition, the *Ketchum* Court relied almost exclusively on the fact that the Michigan plan was approved by the federal government. *Ketchum*, 314 Mich App at 501-503, 505-506.  However, that approach is misleading.  First, the issue is not whether the DHHS policies were consistent with federal law.  The issue is whether the DHHS policies are consistent with state law.  Second, there is nothing in the record to indicate that the reading suggested here would not be approved by the federal government.

I also agree with appellee's argument that the 2012 Bridge Administrative Manual is inconsistent with the statute because it treats the hardship exemption as belonging to the individual filing the application for the exemption, contrary to the statute's provision that the exemption belongs to the estate of the deceased recipient.  Subsection 3(e) does not refer to survivors, heirs or individual applicants.  It provides, by its terms, "under what circumstances *the estate of medical assistance recipients will be exempt* from the Michigan Medicaid estate recovery program."  MCL 400.112g(e) (emphasis added).  In addition to being inconsistent with the statutory language, the DHHS's consideration of the resources of the individual filing the application means that whether or not an estate is exempt will turn on the income and assets of the heir that is the formal applicant.  The treatment of a Medicaid recipient's estate with a qualifying house is therefore determined by which heir submits the application.  This leads to inconsistent results without a basis in statute.  An estate left to a group of four heirs, three of whom have little in resources will be denied if the heir with substantial resources happens to sign the application.  Conversely, if the estate was left to a family in which three siblings are rich, but one is poor, that estate will qualify so long as the poor member of the family signs the application.  What matters under the statute, however, is not which heir files the form, but whether the estate of the deceased recipient is eligible.

For these reasons, I believe that *Ketchum* was wrongly decided and that the issue should be considered by a conflict panel under MCR 7.215(J)(3).


/s/ Douglas B. Shapiro

-2-